

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2002

# Soumounou v. INS

Precedential or Non-Precedential:

Docket 01-2192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Soumounou v. INS" (2002). *2002 Decisions.* Paper 227.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/227

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2192


ASTAN SOUMOUNOU,

                                              Petitioner

        v.

    *IMMIGRATION AND NATURALIZATION SERVICE,

                                              Respondent

              * (Amended - See Clerk's Order dated 11/6/01)



        On Petition for Review of an Order of
          The Board of Immigration Appeals


        Submitted Under Third Circuit LAR 34.1(a)
                  January 15, 2002

        Before: ALITO and ROTH, Circuit Judges
              SCHWARZER*, District Judge


          (Opinion filed March 29, 2002)


    * Honorable William W Schwarzer, Senior District Judge for the Northern District
of California, sitting by designation.



                    OPINION


ROTH, Circuit Judge:

    Appellant Astan Soumounou filed a petition to review the Board of Immigration
Appeals' (BIA) April 30, 2001, decision that summarily affirmed an Immigration Judge's
denial of her motion to reopen deportation proceedings. The motion was denied because it
was not timely and did not fall under any of the exceptions to the timely filing requirement.
The BIA decision caused the Immigration Judge's Order to be a final agency determination
for purposes of 8 C.F.R. 3.1(a)(7). We have jurisdiction to review a final deportation order
by the BIA pursuant to 8 U.S.C. 1105a(a)(1). See Tipu v. I.N.S., 20 F.3d 580, 582 (3rd
Cir. 1994).
    We will review the Decision of the Immigration Judge rather than the BIA Decision
since the BIA summarily affirmed the Immigration Judge without a separate opinion. See
Abdulai v. Ashcroft, 239 F.3d 542, 549 (3rd Cir. 2001). We review the Immigration Judge's
decision for an abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992) (holding

that "the abuse-of-discretion standard applies to motions to reopen 'regardless of the underlying basis of the alien's request [for relief].'").

In her petition for review, Soumounou contends that she falls within a good faith exception to the timely filing requirement and that she has a well founded fear of persecution in Mali, where she will be deported. In response, the INS rests on the Immigration Judge decision that Soumounou's motion to reopen was not timely and that the exceptions are inapplicable.

The Immigration Judge did not abuse his discretion when he denied the motion as untimely. Motions to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation or exclusion. See 8 C.F.R. 3.23(b)(1). The Immigration Judge granted Soumounou's voluntary departure and ordered, in the alternative, that she be deported to Mali on June 9, 1998. Both parties agree that this was a final order. Soumounou does not question the finality of the June 9 order. Her motion was filed on January 25, 1999, more than 90 days after the order. The Immigration Judge did not abuse his discretion when he found that none of the exceptions to the 90 day requirement applied in this case. Exceptions to the 90 day filing requirement are set out in 8 C.F.R. 3.23(b)(4)(i)-(iv). These exceptions include motions to reopen applications for asylum or withholding of removal, reopening orders of deportation issued in abstentia, and motions to reopen filed jointly with the INS. See 8 C.F.R. 3.23(b)(4) (1999).

Of the exceptions set out in 3.23(b)(4), the only exception of arguable relevance is 3.23(b)(4)(i), regarding asylum and withholding of removal. Granting an exception based on this section of the statute is predicated on a change in the conditions of the country to which the alien will be deported. The section also requires that material evidence of the change in condition be unavailable or unable to be discovered in prior proceedings. In an effort to qualify under this section, Soumounou contends that she has a well founded fear of persecution in her country of origin. Nowhere, though, does she allege a change in the conditions of her country of origin or offer any evidence which was material and unavailable in the previous proceedings. As such, she does not qualify for any of the exceptions to the filing deadlines, and the Immigration Judge did not abuse his discretion in so finding. Similarly, any evidence that would show the prior availability of a visa should have been offered in previous hearings on this matter.

For the foregoing reasons, we will deny the petition for review of the decision of the Board of Immigration Appeals.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,


/s/Jane R. Roth
Circuit Judge